The next case today is United States v. Donna M. Ackerly, Appeal No. 19-1967. Mr. Frank, please proceed. Thank you, Your Honor. Chief Judge Howard, and may it please the Court, may I reserve two minutes at the end? Yes. Thank you, Your Honor. The issue in this case is whether the District Court abused its discretion when it reversed its two earlier denials of a mistrial to order a new trial on the basis that the government violated the defendant's confrontation clause rights by asking a single question, which was unanswered, about a co-conspirator's guilty plea, where that question was effectively addressed both by an immediate curative instruction and by multiple other relevant instructions. And we respectfully submit that it did. But for the Court's, after the fact, mistake of law in reframing this issue through a constitutional lens, through the lens of the confrontation clause, the record is clear that the Court would not have ordered a new trial in this case. Let me, Mr. Frank, ask you about our standard of review. You have argued rather heatedly in your brief that what occurred in this case was categorically impossible of being a confrontation clause violation because it did not involve the admission of evidence. Do I understand that argument correctly? Yes, Your Honor. Okay. I have searched the District Court record thoroughly, I think, and I find no sign that the government made that argument below. You argued heatedly that there was no constitutional clause violation, but that's a different argument than the argument that this was categorically not a constitutional clause violation. Can you point me to something in the record that indicates I'm in error on that or do we take that phase of your argument on plain error review? I believe that I can point, Your Honor, to that. First of all, I think it's noteworthy that before we ever argued anything to the District Court, the District Court itself rejected the confrontation clause argument after it had been briefed by the defense at the conclusion of the case and found that the confrontation clause was not implicated here because it was a government remark. It was a brief one and the court's curative instruction, which it elsewhere characterized as forceful, was adequate to address it. That's the backdrop. This came up then again months after trial in the context of the new trial briefing where it was addressed in a somewhat cursory fashion by the defense itself against that backdrop. Our response to that, and that's what I would point the court to, is that we categorically refuted the notion, the premise of the defense argument, which was that the co-conspirators' guilty plea had been introduced. We said that that contention that it had been introduced was without merit. We went on to argue that it was a question, it was unanswered, and that it was effectively addressed both by an immediate curative instruction and by multiple other relevant instructions, including specifically the repeated instruction that the questions of lawyers are not evidence and that any assertions of fact contained within those questions should not be considered as evidence by the jury in the context of a sustained objection. And we argued that the jury may be presumed to have followed those instructions, and we argued that in that context the well had not been poisoned and that the ordinary new trial standard applied. Those are precisely the arguments. That's exactly right, and I suggest to you that you've just proven the point that's concerning me, which is that nothing about those arguments states or even suggests to the district court that what happened here could not, under any circumstances, on a categorical basis, be a violation of the confrontation clause. You argued very forcefully that what happened here wasn't a violation, and you gave a lot of good reasons. It was invited error. There were curative instructions. The district court had denied mistrials. You made a whole bunch of other arguments, but I'm struggling to find the argument that most concerns me that you've made on appeal. You know, I would respectfully suggest that the argument that questions are not evidence, particularly where they are effectively addressed by a curative instruction  forecloses the possibility that the confrontation clause applies. That may be so as a matter of law, but that's not what you told the district court insofar as I read the arguments that were made at the motion for new trial stage. If you had made precisely that argument, that this forecloses any possibility of a confrontation clause violation, I would have agreed that the issue had been presented. I mean, standard of review, I don't want you to spend your whole argument on this, but it may very well be determinative or close to determinative in this case, and I'd like to make sure we get it right. I understand that, Your Honor. We believe that there was no surprise about the government's position to the district court. We believe the government's position was clear that there could be no confrontation clause violation where evidence was not introduced, as was the case here. Well, can I just follow up the sequence of events? Your view is that the district court at one time was of that view. Is that right? Yes, Your Honor. Okay, and then at a different point in time, it was clear that the district court was being told that's not the case by the defendant, right? No, Your Honor. I believe the district court rejected the argument in the first instance. The argument was repeated. We responded to it, and there was no, actually, this was not even effectively not addressed at oral argument, and the district court thereafter revisited its earlier decision, but it was not on the basis of some new argument that the defense had made. If anything, he rejected the arguments that we had made in response to those arguments. At the hearing that led to the ruling that we're now reviewing, which was the adverse ruling to you, that hearing followed an earlier decision by the district court in which it had taken the position you're now advancing to us on appeal, correct? I believe that's correct, Your Honor. Okay, so at the hearing that led to the ruling that was adverse to you, wasn't the defendant saying that it was a confrontation clause, a violation even though it had not been admitted into evidence? The defendant referenced the confrontation clause, I think, in one sentence in passing and really focused the argument at that hearing on the question of prosecutorial misconduct. The whole thrust of the defense argument at that hearing was to recast this as a prosecutorial misconduct claim. From your perspective, you didn't understand the issue as to whether, this is at least your position, but in the government's perspective, your contention is that you did not understand the issue of whether a confrontation clause violation could occur when the evidence had not been admitted to be a live issue at the time the district court issued a ruling saying that it could be. Correct?  Well, if the defense had renewed the argument, then at that point, aren't you supposed to say back to the district court, that's wrong, here's why. But if you say that's wrong and the reasons you give are not the reasons you're now giving, then the reasons you're now giving we review for plain error. I guess I don't understand what the problem is. Well, let me address that in two ways and then I'll address the plain error point. The first is, your honor had asked a question about oral argument, and what I'm saying is that at oral argument, the defense essentially recast its argument as one about prosecutorial misconduct and that's what we responded to at oral argument. Had it filed papers for that hearing? Yes, and that's the second point. In the papers for that hearing, did it argue that a confrontation clause violation could lie even though the statement had not been admitted to evidence? Well, he didn't make that last point. He made the argument that a confrontation clause, that the confrontation clause was implicated because the guilty plea had been introduced. That was his argument. He didn't make the secondary point that it could lie even where it's not actually introduced. You haven't argued to us that the... So is your position the district court then just sui sponte adopted an argument that had never been made to it? No, I'm arguing that the district court reversed itself and saw this after those papers, not so much oral argument, but after those papers reversed itself and concluded that the confrontation clause was in fact implicated through the introduction of the co-conspirator's guilty plea. Our response had been that there was no introduction of a co-conspirator's guilty plea and therefore there could be no constitutional claim because there was no evidence before the jury as the court instructed. And we referred the court to its earlier findings. We referred the court to the fact that it had previously twice concluded that there was no issue here that was not effectively addressed by its curative instruction because this was a brief question as opposed to the introduction of evidence. That was the thrust of our argument, which we believe was clear to the court. But let me just respond briefly to the suggestion that the plain error standard applies. We don't believe that it does, but even if it does, we believe that the standard is met here. The question really boils down to the second prong of that inquiry, which is that assuming that the court accepts my first argument, which is that the confrontation clause is not implicated, where there is a single unanswered question that is effectively addressed by multiple curative instructions. The second inquiry is whether that conclusion is clear and obvious, and we believe that it plainly is. That Crawford makes clear that the confrontation clause is only implicated where testimonial hearsay is actually introduced for its truth. That Greer makes clear that there is no evidence introduced where a single question is unanswered and is effectively addressed by a curative instruction. Counsel, you're out of time, so we're going to have to take this issue to the extent you haven't been able to address it this morning on your briefs, which were pretty thorough on the point, I believe, and you have reserved some time. Could I ask one question, though, on this issue, which just concerns harmless error? Assuming we thought there was a confrontation clause violation, still they have to show that there has to be a review for harmless error. Now, you don't make a harmless error argument in your brief, as far as I can tell. So have you waived the issue of whether we could conclude that any confrontation clause violation was harmless? We're not arguing that if the court concludes that there was a confrontation clause violation, we're not challenging the district court's finding that it was harmless beyond a reasonable doubt. What we are arguing is that it satisfies the ordinary harmlessness standard. All right. Thank you. Would you please mute your video and audio? Mr. Kendall, you should unmute. May it please the court. I'd like to first refer the panel to joint appendix page 1209, which is part of the argument on the new trial motion, and it explicitly contradicts what the government just represented to this panel. And what I said to the district court judge was, first, I cited him to the government's brief and pointed out that the government pretty much concedes it was error to have referred to the conviction of Mr. Zentmeier. And then I went on to say the case law was pretty clear. We had filed three briefs on the topic. A motion for a mistrial, a motion for a new trial, and a motion for a reply brief. And in those three briefs, we had said explicitly it was the prosecutor's statement that created the confrontation clause problem, and the court compounded it with its instruction to confirm that Zentmeier, in fact, pled guilty. And then I went on to say, after I said the government pretty much concedes there was error, I emphatically said the government blurts out that he's convicted, and the court gave an instruction to say that merely because he's convicted, you shouldn't put any stock into it. So the issue was clearly before the court. And, Your Honor, if you take a look at this court's decision in Ellen B. Brady, it raises a point which I think is important to note. First of all, this is a confrontation clause case, not a Miranda case. There are different standards and different law, and no court that I can find and no court that the government has cited has ever said that Miranda law applies to a confrontation clause analysis. It's a Sixth Amendment issue, not a due process issue. If we look at this court's decision in Ellen B. Brady, the panel wrote on page 11 that Greer holds for the following proposition, a prosecutor refers to the defendant's post-Miranda silence in a question to a witness or a statement to the jury or elicits testimony about such silence from a witness. This court's law is clear. An unanswered question certainly can raise a problem under Doyle and Greer. And if you look at the case law we cite, you'll see it certainly does under the confrontation clause. At page 2 of the government's reply brief, it mischaracterizes our case law. At page 2 it claims that all the cases that Ackley cite involve testimony that was admitted into evidence. The Supreme Court's decision in Douglas, the testimony was not admitted. But the problem with Douglas and some of the other cases on which you rely is that they all predate Crawford. And part of the thesis of the prosecution's argument here, and one that frankly seems to have some legs, is that confrontation clause jurisprudence and how that jurisprudence is analyzed has taken on a different cast since the Supreme Court's landmark decision in Crawford and the cases that thereafter build on it. But the pre-Crawford cases are of more questionable provenance now. Your Honor, even if we have that concern, I have two responses. We have a plain error standard of review because this issue was not raised at all in the district court. And second, I would suggest that confrontation clause jurisprudence is stricter and tighter than the Miranda jurisprudence. But that's like comparing plums to pomegranates. They're really different kinds of jurisprudence. I agree, Your Honor, and that's why I think Griff's wholly not relevant. But then I'd also ask the court to look... On the plain error point, just sticking with it, the government has said, okay, let's say it's plain error, and the question is whether there's clear or obvious, whether the argument the government is now making is... whether it's clear or obvious that under Crawford there'd be a violation here. Could you just address that? Sure, Your Honor. Crawford says, how could something that was not admitted into evidence ever give rise to a confrontation clause? Well, there's no case that has held that, and it would be asking the court to reject the pre-Crawford decisions, which I think is still good law. But I call the court's attention to the transcript of Joint Appendix 452. That's where the actual question appears that was asked. And I'd like to read the question, because you'll see why it was such a bad question for us and why the court's affirmation of the plea compounded the problem. Mr. Frank stated unequivocally, not as a question, but just as a statement to the witness, you were aware at the time you pled guilty that Mr. Zetmaya had also pled guilty to being involved in a conspiracy to steal confidential ISS information in exchange for bribes. We were contesting all of those issues very forcefully. They were critical to our defense. We contested that the information was stolen. I understand that you're just not responding to my concern, which is that Crawford says it has to be testimonial. And I guess the basic question is, and this is the thrust of the government's argument, under whatever standard of review you apply, how could one say that a question from the government is testimonial? Your Honor, I think because I think I have two issues, Your Honor. First, that the court's instruction was the admitted guilt of others is not relevant, but he's confirming that the guilt was admitted. It was before the jury and they knew it. And whether we say testimonial means it has to be formally answered or it's confirmed by the trial court, my client suffers the same injury. And the prosecutor here is a witness to the events that issue. This is not asking something that happened at a police station or out on the street. The prosecution is stating unequivocally in a carefully crafted detailed question all the elements in dispute in the case. And then the trial court confirms it. And if you look, what we had raised with the trial court was when he gave his instruction, we said, you're giving the wrong instruction. You're giving the instruction that's appropriate if the person is testifying and you just want to make sure it's not misused, the discussion of the promise-reward inducement for the plea agreement. Here we have the situation where they were not testifying and the court affirms what the government has said. And if you read the court's opinion, at the end the court criticizes its own opinion and finds it was inadequate. And I think, Your Honor, we tried to look at the issue of what is the standard of review for the court to find its own opinion was inadequate. We think the appropriate standard would be either a clear error one as advocated by the Seventh Circuit, or I prefer abuse of discretion under the new trial motion. But either way, Your Honor, the court, all of this case law is presumed that the instruction was adequate to erase error. And that's what the government argued. The issue of what's testimonial, Your Honor, I'd suggest, is not if the witness answers, it's the fact of the plea agreement. Profitt says plea agreements are testimonial evidence. How the testimonial evidence is conveyed to the jury may be from the prosecutor's statement, may be from the court's instruction, but the testimonial act is that Zetmire pled guilty. That was communicated to the jury by the government. It seems to me, Mr. Kendall, that another way to put this might be that you're arguing that the government engaged in bolstering by attempting to introduce the fact of the guilty plea, which is just a way that I've been thinking about it. But be that as it may, I have a question about the harmfulness, if it was testimony, the harmfulness of the evidence. And that is to say, so what if he pled guilty? The defense was that she didn't have anything to do with him. As far as I could tell, there's nothing about the content of the guilty plea that was admitted. So could you respond to that? Sure, Your Honor. It's the points I made earlier in appendix page 452 about the details he put in of what was pled guilty to. We contested at trial that there was a conspiracy. We contested that the information was confidential. We contested that there was a bribe. All of those things were put in with the testimonial statement by the government. And so, Your Honor, if you look at the court's decision, he went through, there was very little evidence. There was virtually no evidence to connect my client to any quid pro quo of bribery. That was one of the central issues we had. And the court brought out, it reviews the testimony of Haber and Haynes to show they don't establish any bribery evidence or intent for bribery by my client. Instead, the court puts in the plea that this man has pled guilty to taking the bribe given by this woman. And I think that was the harm. Okay. If I may have one last comment, Your Honor. Just before you do that, are there other questions from the court for Mr. Kendall? All right, why don't you go ahead and wrap up. I think my point that there was no conflict between Crawford and the prior confrontation clause cases is important. Because the testimonial issue was not the form of the information being delivered by a prosecutor's statement. It's that Crawford says a plea is a testimonial act. And that's what I think Ellen B. Brady's noting that, whether it's a statement, a question, or a response to a question, are all relevant. Thank you. All right. If you would go ahead and mute. And Mr. Frank, you have rebuttal time. Thank you, Your Honor. I just want to address this question of what we submit would be an unprecedented expansion of Crawford. The question was whether, and I believe Mr. Kendall stated that no case has ever held that the confrontation clause is implicated or there was some question of whether the confrontation clause can be implicated where evidence is not introduced. And he suggested that no case has ever held what we are suggesting should be the law here. The fact is, as we pointed out in our brief, that multiple circuits have repeatedly held that a prosecutor's comment does not rise to the level of a confrontation clause violation because the confrontation clause is not implicated where evidence is not introduced and a prosecutor's comment is not evidence. Just so I get the sense of what we'd be agreeing to if we agreed with your position, suppose the district court said to the jury, just so you know, he pled guilty. I think that's a very... That's not a confrontation clause? I think that's a different issue. First of all, this court, that did happen in the Marasco case. And that happened in a single comment that the court made at the outset of the proceedings that a co-conspirator had pled guilty. And the court concluded that it need not decide whether the beyond a reasonable doubt constitutional standard applied because it felt that the error was harmless in any event. But in the Offrey-Campos case, which the defense cites, it was the court, again, that during deliberations, in response to a jury question, disclosed that 37 co-conspirators had pled guilty and the jury came back 45 minutes later with a guilty verdict. And there, the court explicitly distinguished between a statement from an authoritative source like the court, particularly in the context of deliberations, and a statement from a less authoritative source like a prosecutor's remark. And that's why it's so critical that this was... Is one testimonial and one not? I just wanted to figure out how you're putting that into Crawford. In one, the court is informing the jury of a fact as evidence for them to consider. And it's coming from an authoritative source. In another, it's an unauthoritative question that is not answered and that is addressed by a curative instruction. In those cases, there's no curative instruction. In Offrey-Campos, he's actually telling the jury, this is something for you to consider during your deliberations. In our case, it was on the third day of a seven-day trial. It was a 10-second question that was never answered. There were no inferences that could be drawn from the refusal to answer because there was no opportunity for the witness to answer. And there was an immediate curative instruction. And in those types of situations, courts in the 9th, 10th, 11th, 2nd circuits have all repeatedly concluded that the confrontation clause is not implicated. This would be simply unprecedented to hold that a single unanswered question could implicate the confrontation clause. And moreover, the reverse proposition is true, which is that neither the defendant nor the court pointed to a single case, and I submit because they cannot point to a single case, where that proposition has been held to be true. And so that's why we submit that the clear or obvious prong of the plain error standard is met. This court said in gray at 853 F3rd 18 that there doesn't have to be a case directly on point for the clear or obvious prong to be met Counsel, just one moment. Is it your position that no single unanswered question could ever be a Sixth Amendment violation? Are you going that far? I don't think the court has to go that far. I'm asking you whether you're taking that position in this case. I believe it's hard to conceive of a circumstance where a single unanswered question would rise to the level of a confrontation clause violation. But I'm loathe to say that it could never possibly happen. So you're making that categorical argument. I'm not. What I am saying is that the confrontation clause is implicated only where evidence is introduced. And what I am saying is that in the circumstance of a single unanswered question, that is addressed by curative instructions, no evidence is introduced. Because we may presume, as this court said in Pyra, which, by the way, was a confrontation clause case in which this court relied on Greer for the proposition, although that was a due process case, for the proposition that in a confrontation clause context, the jury may be presumed to follow instructions to disregard inadmissible evidence. And frankly, that principle suffuses all confrontation clause jurisprudence, that the jury may be presumed to disregard even testimonial hearsay, even in a Bruton context when it actually is introduced. All right. We'll need to end it there. Thank you. Thank you both. Thank you, Your Honor. That concludes the argument in this case. Attorney Frank and Attorney Kendall, you should disconnect from the hearing at this time.